## Commonwealth v. Lawley

C.P. of Monroe County, no. 475 Criminal 1999.

*Sherri A. Stephan, assistant district attorney,* for Commonwealth.

*Erik J. Conrad,* for defendant.

WALLACH MILLER, *J.,* September 15,1999—On March 3, 1999, about 1:30 a.m., defendant Erin Marie Lawley was enjoying libations at the Thirsty Camel, a drinking establishment in Tannersville, Monroe County, Pennsylvania. Lawley got into a heated argument with her boyfriend, Dudley, in the bar. At that time, David Lampe, the proprietor of the bar, encountered the arguing couple and inquired of Lawley "if she was okay." Lawley responded in the negative, and Lampe asked Dudley to leave the bar, which he did. Soon thereafter, when Lampe questioned Lawley about her welfare, she told him that "he's got my car keys. Could you go out

with me? I want to get my car keys." Lampe dutifully complied, and they went outside.

In the Thirsty Camel's parking lot, an altercation between Dudley and Lampe ensued and the White Knight Lampe found himself being pummeled on the head by the damsel in distress, first with a beer bottle and then her coffee cup. Lawley apparently didn't like the fact that Lampe had wrestled her boyfriend to the ground and was sitting on top of him. Lampe suffered lacerations to the side of his head and forehead, requiring stitches and staples.

Officer Kresge of the Pocono Township Police Department arrived on the scene in uniform in a marked patrol car. He observed that Ms. Lawley was very agitated and upset and was being held back by another patron. She had a strong odor of an alcoholic beverage on her breath, glassy eyes and was off balance when she walked. Officer Kresge testified that he concluded she was in a drunken and intoxicated state, but she understood his questions and could answer them. He testified further that when he arrived on the scene he thought the fight was between Lampe and Dudley and that the defendant was merely a witness. He asked her what was going on. At that time, Lawley told Officer Kresge that she hit Mr. Lampe over the head with a beer bottle. Officer Kresge then placed Lawley under arrest, handcuffed her, put her in the patrol car and took her to Pocono Township police headquarters.

At police headquarters, which was described at our hearing as one large room, Lawley and Dudley were separated by about six or seven feet. Officer Kresge testified that while he was questioning Dudley, who was not under arrest, defendant kept interrupting Dudley's account

of the evening, adding things and correcting him. During this time, she said that she hit Lampe over the head with a bottle that would not break so she went and got a coffee cup and hit him with that.

At no time did Officer Kresge or any other officer inform the defendant of her rights to remain silent under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Based on her own statements, she was charged with aggravated assault, 18 Pa.C.S. §2702(a)(1); simple assault, 18 Pa.C.S. §2701(a)(1); disorderly conduct, 18 Pa.C.S. §5503; and public drunkenness, 18 Pa.C.S. §5505. A preliminary hearing was held before a district justice on March 30, 1999 after which all charges were bound over to this court.

Defendant has filed an omnibus pretrial motion asking us to suppress all statements she made to the Pocono Township police. At a hearing held before this court on August 26, 1999, the Commonwealth presented the transcript from the preliminary hearing and supplemented it with further testimony from Officer Kresge. At the hearing, we asked both parties to submit case law in support of their respective positions. The defendant has submitted a brief. The Commonwealth has failed to file a brief.

When a defendant seeks to suppress evidence, the Commonwealth has the burden of going forward with the evidence and establishing that the challenged evidence was not obtained in violation of the defendant's rights. (Pa.R.C.P. 323(h).)

Defendant Lawley argues that regardless of whether the *Miranda* rights were provided to her at the time the police questioned and obtained statements from her, both at the scene of the incident and back at police headquar-

ters, she was intoxicated to a degree to render her incapable of making any intelligent decisions and/or to making knowing, intelligent and voluntary decisions with regards to waiving her rights and making incriminating statements without consulting or having the presence of counsel. See *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

At the hearing, the Commonwealth maintained Officer Kresge was merely gathering information at the Thirsty Camel, and at that time defendant was not the target of the investigation. Furthermore, with respect to the statements made by defendant at police headquarters, the Commonwealth argues that she voluntarily blurted them out, and that she was never subjected to any interrogation or questioning at the station, and thus was not entitled to her *Miranda* warnings.

We grant the defendant's motion, in part, however, not for the reasons she presents. The first statement by the defendant in the parking lot was in response to legitimate general information gathering questions by the police. The questions asked by the police were not asked of the defendant to elicit incriminating statements, but merely to ascertain what had happened. This was not a custodial interrogation. It is well established that a gratuitous utterance, unsolicited by the police is admissible. *Commonwealth v. Hughes,* 536 Pa. 355, 371, 639 A.2d 763, 771 (1994). We find the defendant's first statement "that she hit Lampe over the head with a beer bottle" was not the product of police interrogation and therefore is not subject to suppression.

We find the Commonwealth's arguments persuasive with respect to the statement made at the Thirsty Camel, but not to the statements made at the police station. See

*Commonwealth v. Bordner,* 432 Pa. 405, 247 A.2d 612 (1968) as cited in *Commonwealth v. Slaton,* 383 Pa. Super. 301, 556 A.2d 1343 (1989). In *Bordner,* the defendant made six incriminating statements to the police without the benefit of warnings required by *Miranda v. Arizona.* The trial court suppressed five of the six statements, holding that upon making the initial inculpatory statement, the defendant had become the focus of the police investigation and, thus, *Miranda* warnings should have been given prior to any questioning by the police.

Furthermore, under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), an individual must be warned of his or her right to remain silent before the initiation of custodial interrogation. Statements obtained by the police during a custodial interrogation without prior *Miranda* warnings are presumed to be given without a knowing and intelligent waiver, and are subject to suppression. *Commonwealth v. Johnson,* 556 Pa. 216, 727 A.2d 1089 (1999). To determine if a person is in custody for *Miranda* purposes, however, depends on whether the person is physically denied his freedom of action in any significant way, or is placed in a situation in which he reasonably believes that his freedom of action or movement is restricted by the interrogation. *Commonwealth v. Williams,* 539 Pa. 61, 650 A.2d 420 (1994) citing *Commonwealth v. O'Shea,* 456 Pa. 288, 318 A.2d 713 (1974), *cert. denied,* 419 U.S. 1092, 95 S.Ct. 686, 42 L.Ed.2d 685 (1974).

Clearly, when the defendant made the initial statement to the police at the Thirsty Camel, she became the focus of the police investigation. This fact is evidenced by the conduct of the police—they handcuffed her, arrested her and took her into custody. It was at this time that the defendant became entitled to *Miranda* warnings.

304

Because she was denied this, any information gleaned subsequent is subject to suppression. Here, the Commonwealth argues they were not questioning the defendant and, as such, she was not entitled to *Miranda* warnings. We are not persuaded. The defendant was handcuffed, in custody and in the interrogation room within earshot of Dudley who was being interrogated. It is clear in light of these facts that any statements made at the station by the defendant are subject to suppression.

ORDER

And now, September 15, 1999, defendant's omnibus pretrial motion is denied in part and granted in part.